[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 23-10276

Non-Argument Calendar

————————————

LEE ANTWAN JOHNSON,

Petitioner-Appellee,

*versus*

FLORIDA DEPARTMENT OF CORRECTIONS SECRETARY,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellants.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:19-cv-01441-HLA-LLL

———————————

Before NEWSOM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

The Secretary of the Florida Department of Corrections ("the Secretary") appeals the district court's order partially granting the 28 U.S.C. § 2254 petition of Lee Antwan Johnson, a Florida prisoner serving a life sentence without the possibility of parole. The Secretary argues that the district court did not extend proper deference, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), to the state court's determination that the jury instructions in Johnson's case were proper and, by extension, erred in determining that Johnson's trial counsel, Charles Fletcher, was ineffective in failing to object to the instructions and that Johnson was prejudiced by this failure.

For the following reasons, we agree with the Secretary and therefore reverse and remand to the district court for entry of judgment in favor of the Secretary.

**I.**

In 2009, Johnson shot and killed Kenneth Pittman while trying to rob Pittman's trailer. Johnson was later indicted in Florida state court on three counts: (1) first-degree murder, in violation of Florida Statute §§ 782.04(1)(a) and 775.087(1)–(2) ("Count One"); (2) attempted armed robbery with a firearm, in violation of Florida Statute §§ 812.13(2)(a), 775.087(2)(a)3, and 777.04(1) ("Count Two"); and (3) shooting or throwing deadly missiles, in violation

of Florida Statute § 790.19 ("Count Three"). He proceeded to trial on all three counts. This indictment was not modified or superseded.

A three-day jury trial was held in October 2012. At trial, the state trial court confirmed with Fletcher and the prosecutor, Richard Mantei, that Johnson was charged with attempted armed robbery and repeated this charge for the jury pool during voir dire. The court then described the charge for the prospective jurors in greater detail, underscoring that Johnson was alleged to have possessed and discharged a firearm while attempting the robbery. After the jury was sworn, the court again referred to the charge as "attempted armed robbery," and, in its opening statement, the state referred to Count Two as "attempted armed robbery . . . which is exactly what he's charged with."

In a charge conference at the close of evidence, the trial court discussed the jury instructions with Mantei and Fletcher. The parties reviewed and edited draft jury instructions and a draft verdict form, referencing numbered pages and specific paragraphs and phrases. Mantei and Fletcher agreed with respect to the verdict form that, as to Count One, murder in the first degree, the jury would be instructed on "two lessers, second and manslaughter." The court then asked, "What about count two, attempted robbery? No lessers on that?" Fletcher responded, "No, sir, I'm not requesting that." Mantei then responded, "No, Your Honor." The parties also agreed to "no lessers" on Count Three. Soon after, the court called for Mantei and Fletcher to approach the bench, stating that

it wanted to show them something "to make sure we're correct." The parties conversed outside of earshot of the court reporter, but Mantei stated upon returning to the counsel table that, "[e]ither way he could be guilty of felony murder, that's correct." Then, in its closing statement after the charge conference, the state again identified count two as "attempted armed robbery" perpetrated with a firearm.

The trial court instructed the jury before deliberations. The court referred to Count Two variously as "attempted robbery," "the crime of attempt to commit robbery," and "an attempt to commit armed robbery" while also describing "the crime of robbery" and stated that, "[i]f you find the defendant guilty of the crime of robbery, then you must further determine beyond a reasonable doubt if in the course of committing the robbery . . . the defendant carried some kind of weapon." The court further stated that "[i]f you find the defendant carried no firearm or weapon in the course of committing the robbery, but did commit the robbery, you should find him guilty only of attempted robbery." Finally, the court insisted that the jury could find Johnson guilty of "attempted robbery as charged in the Indictment" even if he carried no firearm or weapon. Fletcher did not object to the jury instructions as issued by the court, confirming that they were "correct" and as agreed upon in the charge conference.

The written copy of the jury instructions issued to the jurors listed Count Two as "attempted robbery" and again confirmed that Johnson could be found guilty of Count Two, attempted robbery,

without carrying a firearm or weapon.  The jurors were also issued a verdict sheet, which stated the jury could convict Johnson of Count Two if: (1) he carried a firearm in the course of committing the attempted robbery; (2) he carried a weapon that was not a firearm in the course of committing the attempted robbery; or (3) he did not carry a firearm or weapon.

The jury convicted Johnson of felony murder and "Attempted Robbery, as charged in the Indictment."  However, the jury found that Johnson did not possess a firearm during the commission of the attempted robbery and did not carry a firearm or weapon.  Johnson was sentenced to life imprisonment without parole as to Count One and to fifteen years' imprisonment as to Count Two, to be served concurrently.

Johnson filed a motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), which was denied by operation of time.  Johnson then appealed his convictions and sentences to the Florida First District Court of Appeal.  In this appeal, he argued that the trial court imposed an illegal sentence as to Count Two because Johnson's sentence of fifteen years' imprisonment exceeded the maximum sentence allowable by law for a third-degree felony.  Johnson reasoned that, while he was charged with the second-degree felony of attempted armed robbery in violation of Florida Statute §§ 812.13(2)(a) and 777.04(4)(c), he was convicted of the third-degree felony of attempted robbery without a weapon because the jury found he was unarmed.  The state responded, in relevant part, by recognizing that Johnson was found

guilty of a third-degree felony, with a maximum allowable term of imprisonment of five years, and concluding that Johnson's case should be remanded for resentencing as to this conviction.

The Florida First District Court of Appeal concluded that Johnson's fifteen-year attempted robbery sentence was illegal and remanded for resentencing, explaining that Johnson was convicted of attempted robbery without a weapon—a third-degree felony that may be punished by no more than 5 years' imprisonment—but that "the trial court improperly classified the crime as a second-degree felony instead of a third-degree felony" at sentencing, leading to an illegal sentence of 15 years' imprisonment. *Johnson v. State*, 149 So. 3d 1186, 1187 (Fla. Dist. Ct. App. 2014). Johnson's sentence was reduced to five years' imprisonment on remand.

Johnson then moved for post-conviction relief under Florida Rule of Criminal Procedure 3.850. He argued, in relevant part, that Fletcher was ineffective for failing to object to the jury's finding that he was "guilty as charged in the Indictment" despite the jury also finding that he did not carry a firearm while the indictment listed Count Two as attempted armed robbery with a firearm. He argued that the verdict was inconsistent, that a competent attorney would have objected to this inconsistency, and that Fletcher's failure to object to the verdict resulted in an inappropriate sentence.

Johnson filed an additional motion supplementing the first Rule 3.850 motion, adding that Fletcher was ineffective for failing to object to the jury instructions because they included instructions as to attempted robbery, a lesser offense to Johnson's charge of

attempted armed robbery in Count Two, after all parties agreed that the jury would not be instructed as to any lesser offenses on this count. He argued that he was prejudiced by Fletcher's failure to object because, if the jury instruction as to attempted robbery had not been given, then there was a reasonable probability that the jury would have found him not guilty as to Count Two, which was the underlying felony of his felony murder charge in Count One. Therefore, he argued, the jury would not have found him guilty of either charge if the attempted robbery instruction had not been given. He requested an evidentiary hearing on these issues.

The state postconviction court denied Johnson's motion. That court explained, in relevant part, that it did not read the colloquy regarding the verdict forms in which the parties stated that there were would be no lesser-included offenses on Count Two as constituting a request that instructions only on attempted armed robbery be read to the jury. It noted that the charge, as read by the trial court and stated on the verdict sheet, was "attempted robbery," which could be committed in three different ways—attempted robbery with a firearm, attempted robbery with a weapon, and attempted robbery with no firearm. The court reasoned that because Fletcher had not, in fact, "stipulate[d] that only attempted robbery with a firearm instructions [would] be given, he was not ineffective for failing to object when the [c]ourt read [the] instruction on all three means of committing the crime of attempted robbery, or when the jury convicted him of attempted robbery, no firearm or weapon."

Johnson appealed the denial of his Rule 3.850 motion to the Florida First District Court of Appeal and requested a rehearing. In this appeal, he renewed substantially the same arguments he made before the state postconviction court. He also argued that, if not for these errors, he probably would not have been found guilty of either attempted armed robbery or felony murder or, at the very least, would have received a lesser sentence. The state did not respond to Johnson's appeal, and Florida's First District Court of Appeal affirmed *per curiam* without an opinion. *Johnson v. State*, 279 So. 3d 646 (Fla. Dist. Ct. App. 2019).

In November 2019, Johnson filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. Of relevance to this appeal, Johnson alleged, in Claim Four, that his trial counsel, Fletcher, was ineffective for failing to object to the jury instructions, which charged lesser-included offenses to attempted armed robbery with a firearm when the parties had stipulated, on the record, that no instructions on lesser-included offenses would be given as to that count. He asserted that the state postconviction court erroneously concluded that such a stipulation did not exist and claimed that Fletcher's failure to object caused him prejudice. He submitted a memorandum of law along with his petition, asserting that the state trial court used the terms "attempted armed robbery" and "attempted robbery" interchangeably when charging the jury and that the jury returned a verdict for "attempted robbery," a lesser-included offense to attempted armed robbery, while stipulating that Johnson did not carry a firearm. Thus, Johnson argued, Fletcher's failure to object to the jury instructions for violating the agreement

not to charge lesser offenses prejudiced Johnson's chance of being acquitted of attempted armed robbery because he was not carrying a firearm.

The Secretary answered in opposition to Johnson's petition. The Secretary contended, in relevant part, that "the agreed-upon verdict form provided that the attempted robbery could be committed in one of three ways" and that "[b]ecause counsel did not stipulate that only attempted robbery with a firearm instructions be given, he was not ineffective for failing to object when the court read instruction[s] on all three means of committing the crime of attempted robbery." The Secretary also asserted that Johnson would still have been guilty of felony murder if he were not found guilty of the underlying offense of attempted armed robbery because he was convicted as a principal on that charge. The Secretary claimed that possessing or using a firearm was not one of the essential elements of the crime of attempted robbery, which were listed in the jury instructions along with potential enhancements such as carrying a firearm and was thus unnecessary to sustain Johnson's conviction. The Secretary concluded that, because the jury instructions were proper, Fletcher was not deficient for failing to raise a meritless objection.

Johnson replied to the Secretary's response, reiterating his arguments as to Claim Four. He also requested an evidentiary hearing to determine whether, "[a]s a result of the aforementioned facts and arguments," Johnson was entitled to a new trial due to prejudice arising from the cumulative effect of Fletcher's errors.

The district court granted Johnson's § 2254 petition as to Claim Four and denied relief as to the remaining claims. The district court concluded that Johnson had rebutted the presumption of correctness afforded to the state postconviction court's findings of facts by clear and convincing evidence. Specifically, it noted that the indictment was clear that Johnson was charged with "attempted armed robbery with a firearm with actual possession of a firearm," under Florida Statute §§ 812.13(2)(a) and 777.04(1), not attempted robbery. It observed, however, that the trial court referred to Count Two interchangeably as both "attempted robbery" and "attempted armed robbery" and that the verdict form asked the jury to make a finding of guilt as to "Attempted Robbery, as charged in the Indictment." The district court noted that, "[p]erhaps as a result [of] this inconsistent terminology throughout the proceedings," the original judgment incorrectly referred to the conviction as attempted armed robbery when Johnson was, in fact, found guilty of attempted robbery, with no weapon or firearm.

The district court also found that the record showed that the parties "did agree and stipulate, on the record, that no lesser included offenses would be charged for count two." It described the statements at the charge conference as "explicit" and "on the record" and stated that "there [was] no reasonable explanation for the parties' statements" otherwise. It added that the trial court issued instructions for lesser offenses as to the murder charge and none as to the charge of shooting or throwing deadly missiles, in keeping with the parties' statements at the charge conference. Thus, the district court concluded, the state postconviction court's finding

that no agreement was made to waive lesser offenses to attempted armed robbery was unpersuasive because the record rebutted the presumption of correctness afforded state courts.

Noting that, under state law, a defendant can validly waive lesser-included offenses with the state's agreement, as occurred here, the district court found that Fletcher was therefore ineffective for failing to object to the lesser-included offense instructions the district court gave. Specifically, the district court found that the failure to object to improper charges did not "constitute reasonable conduct under prevailing professional norms." And the district court explained that an objection "would have had merit and should have been sustained" based on the stipulation as to no lesser-included offenses, with no well-founded reason to overrule an objection to the instruction given as to Count Two. The court also stated that an evidentiary hearing was unnecessary to determine whether Fletcher was ineffective because there could be no sound tactical reason to withhold an objection under these circumstances and to abdicate an attorney's responsibility to participate in charging the jury.

As to prejudice, the district court found that, but for the "egregious" error, the result of the proceeding would have been different. The district court explained that "[t]he state's entire case, charging both murder and attempted armed robbery with a firearm, was based on the theory that [Johnson] was the shooter who possessed and discharged a firearm, killing the victim in an attempted armed robbery." It noted that there was "a critical

connection between the charge of attempted armed robbery and the charge of felony murder" since "without a conviction for attempted armed robbery with a firearm with actual possession of a firearm, there [could] be no conviction for felony murder." Because the jury concluded that Johnson did not possess a firearm, the district court found that there was a reasonable probability that the appropriate jury instructions—as agreed to at the charge conference—would have resulted in the jury finding Johnson not guilty of attempted armed robbery, and thus not guilty of felony murder.

The district court then found that the state postconviction court's ruling to the contrary was unreasonable. It concluded that, given there was no reason, strategic or otherwise, for Johnson's attorney to fail to object to the instructions given by the court, there similarly would have been no reason for the trial court to have rejected the meritorious objection. The district court thus found that the state postconviction court both "did not reasonably determine the facts" and did not "reasonably apply federal law in rejecting the claim of ineffective assistance of counsel." Thus, it found Johnson was entitled to habeas relief on Claim Four and granted the petition unless the State of Florida initiated new trial proceedings in state court consistent with the law.[1]

The Secretary moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), arguing that the district

---

[1] The district denied "with prejudice" the other grounds presented in Johnson's § 2254 petition, and Johnson did not appeal that denial.

court erred by failing to give the state court deference, rejecting the state court's finding of fact, and overlooking and misapplying Florida law. The district court denied the Rule 59(e) motion, finding that the Secretary had identified no change in the law or error by the court and relief under Rule 59(e) was not appropriate.

The Secretary appealed the district court's order granting Johnson relief and moved in the district court to stay its judgment pending appeal. The district court denied the Secretary's motion for a stay pending appeal, concluding that the Secretary was not likely to succeed on the merits. This appeal timely followed, and during the pendency of this appeal, we granted the Secretary's motion to stay the district court's order pending the resolution of the appeal.

## II.

When reviewing the district court's grant of a § 2254 petition, we review questions of law and mixed questions of law and fact *de novo*, and we review findings of fact for clear error. *Pardo v. Sec'y, Fla. Dep't of Corr.*, 587 F.3d 1093, 1098 (11th Cir. 2009). Both prongs of the inquiry for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), present mixed questions of law and fact and therefore receive *de novo* review. *Brooks v. Comm'r, Ala. Dep't of Corr.*, 719 F.3d 1292, 1300 (11th Cir. 2013).

AEDPA imposes a "highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (first quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997);

then quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). If a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

To grant relief under § 2254(d)(1), "we must conclude that no reasonable jurist" would agree with the state court's decision. *Brooks*, 719 F.3d at 1300. As for § 2254(d)(2), a state court's factual determination is unreasonable only if no "fairminded jurist" could agree with that determination. *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257 (11th Cir. 2012). The existence of some "evidence that may plausibly be read as inconsistent" with the state court's factual finding, on the other hand, does not "demonstrate that the finding was unreasonable." *Wood v. Allen*, 558 U.S. 290, 302–03 (2010). To assess the deference owed under § 2254(d), we look to the highest state court decision that evaluated the claim on its merits. *Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). But when that decision is not accompanied by a reasoned opinion, we "look through" the unexplained decision to the last related state-court decision that provides a relevant rationale. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Section 2254(e)(1) also provides that a state court's "determination of a factual issue . . . shall be presumed to be correct," and

the petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." "Clear and convincing evidence is a 'demanding but not insatiable' standard, requiring proof that a claim is highly probable." *Bishop v. Warden, GDCP*, 726 F.3d 1243, 1258 (11th Cir. 2013) (quoting *Ward v. Hall*, 592 F.3d 1144, 1177 (11th Cir. 2010)).

While the relationship between the "unreasonable application" standard of § 2254(d)(2) and the "clear and convincing" standard of § 2254(e)(1) when reviewing a state court's factual determinations under AEDPA has not been fully defined, the Supreme Court has noted that a court cannot "merge the independent requirements of §§ 2254(d)(2) and (e)(1)." *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003). We have held that "even if a petitioner successfully carries his burden under § 2254(e)(1)—showing by clear and convincing evidence that a particular state-court factual determination was wrong—he does not necessarily meet his burden under § 2254(d)(2)," explaining that "[e]ven if the state court made a clearly erroneous factual determination, that doesn't necessarily mean the state court's 'decision' was 'based on' an 'unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Pye v. Warden, Ga. Diagnostic Prison*, 50 F.4th 1025, 1035 (11th Cir. 2022) (en banc) (quoting § 2254(d)(2)). In addition, "[d]epending on the importance of the factual error to the state court's ultimate 'decision,' that decision might still be reasonable 'even if some of the state court's individual factual findings were erroneous,'" "so long as the decision, taken as a whole, doesn't constitute an 'unreasonable determination of the facts' and

isn't 'based on' any such determination." *Id.* (quoting *Hayes v. Sec'y, Fla. Dep't of Corr.*, 10 F.4th 1203, 1224–25 (11th Cir. 2021) (Newsom, J., concurring)).

## III.

On appeal, the Secretary argues that the district court erred for two reasons. First, the Secretary argues that the district court did not accord sufficient deference to the state court's factual finding that all parties understood Johnson could be charged on all means of committing attempted robbery, including with a firearm, with a weapon but not a firearm, and unarmed. Thus, the Secretary argues that, because the written jury instructions and the verdict form referred to attempted robbery and not attempted armed robbery, it is reasonable to conclude that when the parties stipulated to no "lessers," they were excluding lesser offenses to attempted robbery but not lesser offenses to attempted armed robbery. Second, the Secretary argues that Fletcher, Johnson's counsel, was not deficient for failing to make a futile objection to the jury instructions and, regardless, his failure to do so was not prejudicial to Johnson. We address these issues in turn.

Attempted armed robbery, as modified by Florida Statute § 775.087(2)(a)3, comprises the elements of attempted robbery—an intentional act toward taking the money or property of another with the intent to permanently deprive them with the use of force, violence, assault, or putting in fear—and additionally requires discharging a firearm or destructive device resulting in death or great

23-10276               Opinion of the Court                17

bodily harm upon another.    *See* Fla. Stat. §§ 812.13(2)(a), 775.087(2)(a)3, 777.04(1).

Under Florida law, lesser-included offenses are those that are either "necessary," meaning "statutory elements of the lesser-included offense are always subsumed within those of the charged offense," or "permissive," meaning the two offenses appear separate on their face but the facts alleged in support of the charged offense necessarily satisfy the elements of the lesser offense. *Sanders v. State*, 944 So. 2d 203, 206 (Fla. 2006). Florida law "requires that an instruction be given to any lesser offense all the elements of which are alleged in the accusatory pleadings and supported by the evidence adduced at trial." *State v. Weller*, 590 So. 2d 923, 926 (Fla. 1991). "A defendant is entitled to have the jury instructed on all necessarily included lesser offenses." *Harris v. State*, 438 So. 2d 787, 796 (Fla. 1983)). The defendant may also waive the right to instruction on lesser offenses with the consent of the state. *Louis v. State*, 321 So. 3d 869, 872 (Fla. Dist. Ct. App. 2021). But if the state does not consent to the waiver, instruction as to a necessarily included lesser offense must be given. *Id.*

Here, we find that the district court erred in concluding that the state postconviction court reached an unreasonable determination of the facts when it found that the jury instructions as to Count Two did not violate the parties' agreement in the charge conference that no "lessers" would be charged as to this count. *See* § 2254(d)(2). First, the record is clear that Mantei and Fletcher agreed not to instruct the jury on lesser offenses as to the second

count. The transcript also suggests that the parties were discussing lesser offenses to attempted robbery, not attempted armed robbery with a firearm, during the charge conference, e.g., Mantei's comment that "[e]ither way [Johnson] could be guilty of felony murder."

Second, while Johnson's indictment listed Count Two as attempted armed robbery with a firearm and was not formally modified or superseded before the charge conference, the evidence suggests that Fletcher, Mantei, and the trial court generally understood the relevant charge as attempted robbery. Indeed, the parties used the terms "attempted armed robbery" and "attempted robbery" interchangeably throughout the trial and discussed Count Two at the charge conference with reference to draft instructions and a draft verdict form, the final versions of which both listed attempted robbery as the charge. Although the verdict sheet referred to "attempted robbery as charged in the Indictment," it was captioned attempted robbery and not attempted armed robbery, further suggesting that the parties collectively misunderstood the operative charge.

Ultimately, we conclude that Johnson did not carry his heavy burden of showing that the state court's determination was entirely unreasonable, a more demanding standard than merely showing it was wrong. And in light of the record evidence, it was not unreasonable for the state postconviction court to determine that the parties misconstrued Count Two as attempted robbery, rather than attempted armed robbery with a firearm as charged in

the indictment, and instructed the jury accordingly, omitting the lesser offenses to attempted robbery of theft and assault. *See Pye*, 50 F.4th at 1035; *Wood*, 558 U.S. at 302–03; *Holsey*, 694 F.3d at 1257.

Next, under § 2254(d)(1), a federal habeas court reviewing a state court's determination in a matter of federal law "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410 (emphasis in original). Even if the federal court concludes that the state court applied federal law incorrectly, relief is appropriate only if that application also is "*objectively unreasonable*." *Bell v. Cone*, 535 U.S. 685, 694 (2002) (emphasis added). Thus, a state prisoner seeking federal habeas relief must show that the state court's ruling on a matter of federal law "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

In *Strickland*, the Supreme Court established the federal standard for claims of ineffective assistance of counsel. A petitioner presenting a *Strickland* claim must demonstrate both that (1) counsel's performance was deficient, meaning that it "fell below an objective standard of reasonableness," and (2) the petitioner was prejudiced by the deficient performance, i.e., there was "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687–88, 694.

To show deficient performance, the petitioner "must establish that no competent counsel would have taken the action that his counsel did take." *United States v. Freixas*, 332 F.3d 1314, 1319–20 (11th Cir. 2003) (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)). However, defense counsel "need not make meritless motions or lodge futile objections." *Brewster v. Hetzel*, 913 F.3d 1042, 1056 (11th Cir. 2019).

To show prejudice, the petitioner must show not only that counsel's deficient performance may have had some effect on the outcome of the proceeding but that counsel's errors were "so serious" that the petitioner was deprived of a fair trial. *Presnell v. Warden*, 975 F.3d 1199, 1205 (11th Cir. 2020) (quoting *Richter*, 562 U.S. at 104). Because both parts of the *Strickland* test must be satisfied, we need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

When we review a state court's judgment on *Strickland* claims as part of a habeas petition, our review standard is doubly deferential because, in addition to deferring to state judgments regarding the sufficiency of counsel's performance according to the dictates of § 2254(d), federal courts must give counsel "the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013). "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance,'" and the petitioner "bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged

action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). Thus, when *Strickland*'s deferential standard for measuring attorney performance is viewed through the lens of the highly deferential standard applied in § 2254 proceedings, they combine to produce a doubly deferential form of review that asks only "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105. We have stated that this "double deference" standard is doubly difficult for petitioners to overcome and that it will therefore be a "rare case" in which an ineffective assistance claim denied on the merits in state court is found to merit relief in a federal habeas proceeding. *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (alteration adopted) (quoting *Evans v. Sec'y, Fla. Dep't of Corr.*, 699 F.3d 1249, 1268 (11th Cir. 2012)).

Given our doubly deferential standard of review, *see id.*—and in light of our determination that the state postconviction court was reasonable in determining that the parties in the charge conference agreed to no "lessers" as to attempted robbery, not attempted armed robbery—we conclude that the district court erred in finding that Fletcher was ineffective because he was not deficient in failing to object to the corresponding jury instructions, *see Strickland*, 466 U.S. at 687–88; *Freixas*, 332 F.3d at 1319–20. And because Fletcher's performance was not deficient, we need not reach the issue of prejudice. *See Holladay*, 209 F.3d at 1248.

**IV.**

For these reasons, we reverse and remand to the district court for entry of judgment in favor of the Secretary.

**REVERSED AND REMANDED.**